IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARIA COSTA, *individually*, and MARIO SOARES, *individually and on behalf of all others similarly situated*,

          Plaintiffs,

v.

FCA US LLC f/k/a Chrysler Group LLC, a Delaware Corporation, inclusive,

          Defendant.

Case No. 1:20-CV-11810-ADB

Honorable Allison D. Burroughs

## PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT

Plaintiff respectfully requests that the Court enter final judgement in the class segment of this case in the form of the attached Plaintiff's Proposed Final Judgment, attached as **Exhibit A**. The Proposed Judgment has a blank space for the date of filing a stipulation dismissing Ms. Costa's bifurcated personal injury claim; Plaintiff expects to file that stipulation this week.

Before filing this motion, Plaintiffs met and conferred with Defendant over the form of the proposed judgment. The parties were unable to reach agreement. The discussions identified two significant disputes between the parties. The last version of Defendant's proposal sent to Plaintiffs is attached as **Exhibit B**.

### I. Defendant's proposed judgment purports to bind class members who were never directed notice.

The class was certified on September 30, 2022, and included "All persons who currently own or lease, or who have owned or leased" Class Vehicles. ECF 109. Notice was mailed to that class on December 6, 2022. *See* ECF 116-1 (Declaration describing notice plan). Notice was

based on Defendant's list of the "names and addresses of customers to whom it recently mailed extended warranty notifications." *Id.* at ¶ 4.

Then, at the October 19, 2023 pretrial conference, the Court modified the class definition in three ways. First, the class was limited to those who "currently own or lease," excluding former owners or lessees. Second, the class excluded certain model-years. And third, the class excluded persons who "received two free replacement AHRs under FCA US's extended warranty program." *See* 10/19/23 H'rg Tr. at 6:18-14:7.

Plaintiff's and Defendant's proposed judgments agree that the class is defined as the Court modified it at the pretrial conference. The problem is that Defendant's proposed judgment does not account for the notice date in defining who is bound by the judgment. This means that Defendant's judgment would bind a person who bought their vehicle *after* December 6, 2022 and so was never included in the notice plan.

It is axiomatic that the only people who are bound by the judgment are those who fit the modified definition and to whom class notice was directed. *See, e.g.*, *Wellness Med. Ctr. v. Liberty Mut. Ins. Co.*, No. 23-10960, 2023 WL 8014581, at *4 (D. Mass. Nov. 20, 2023) (identifying the "minimal procedural due process protections a court must provide absent class members to bind them to a class action judgment," including "notice") (quoting *Phillip Petrol. Co. v. Shutts*, 472 U.S. 797, 812 (1985)). This does not mean that actual individual notice is required, only the "best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and the opportunity to present their objections." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

A December 6, 2022 mailing was, by definition, not "reasonably calculated" to reach a person who purchased their vehicle at a later date. Those persons were never included in the

scope of the notice, because they were not in the class as of the date notice was sent. Indeed, those persons' claims had not yet accrued as of the notice date, so they could not possibly have received notice or been given an opportunity to opt out.

Plaintiff's proposed notice fixes this problem by adding in the notice date to the definition of the class bound by the judgment:

> All persons in Massachusetts who, **as of December 6, 2022**, owned or lease a Class Vehicle manufactured by FCA or any of its subsidiaries or affiliates that is equipped with an AHR system and who have not received two free replacement AHRs under FCA US's extended warranty program after September 1, 2017.
>
> The Class Vehicles include the following FCA vehicles that were manufactured between January 1, 2012 and September 1, 2017: 2012-2018 Dodge Journey, 2012 Jeep Liberty, 2012-2017 Jeep Patriot or Compass, 2012 Dodge Caliber, 2012-2018 Dodge Caravan 2012-2018 Town & Country, 2012-2018 Grand Voyager, 2012-2018 Dodge Durango, 2012-2018 Jeep Grand Cherokee, 2012-2014 Sebring/Avenger, and 2012-2014 Chrysler 200.

Ex. A at 2 (emphasis added).

## II. Plaintiff's proposed judgment includes an appropriate level of detail regarding this complex action.

The second dispute between the parties relates to the level of detail to be included in the judgment. Plaintiffs' proposed judgment describes the different types of claims in this matter, evolution of the class definition, and the jury's liability findings. Defendant's, conversely, is bare bones. *See* Ex. B.

The Court should adopt Plaintiff's proposed judgment because it avoids confusion. This action is complex, including separate individual and class claims, a class definition that evolved over time, and a special verdict. That verdict included findings that Defendant violated the "unfair" prong of Chapter 93A, meaning the jury found that the AHRs were defective. 11/13/23 Trial Tr. at 29:5-12. Plaintiff's proposed judgment lays out those crucial facts in a neutral and accurate matter and so will present a clear picture to either absent class members or a reviewing

court. For example, the changes to the class definition, read without context (like Defendant's proposed judgment does) might lead someone to believe a person is bound by the judgment who is not.

In rejecting Plaintiff's proposed judgment, Defendant relied on language in Rule 54 stating that "[a] judgment should not include recitals of the pleadings, a master's report, or a record of prior proceedings." Fed. R. Civ. P. 54. But that rule has never been interpreted to render invalid a judgment that includes necessary or helpful context. *See* 10 Wright, Miller, et al., Fed. Prac. & Proc. § 2652 (noting that the most a court has said is that a judgment should not include "exhibits adopted by the court" and must include "a judicial decree") (citing *Soderstrom v. Kungsholm Baking Co.*, 184 F.2d 756, 758 (7th Cir. 1950)); *see also id.* ("To the extent that the court may have been suggesting that the inclusion of extraneous material requires the reversal of a judgment, it may be criticized for being too technical.").

For these reasons, Plaintiffs respectfully request the Court enter Plaintiff's proposed judgment, attached as **Exhibit A**.

Dated: March 4, 2024                Respectfully submitted,

By: */s/ Andrew R. Kaufman*

Mark P. Chalos (*pro hac vice*)
Kenneth S. Byrd (*pro hac vice*)
Andrew R. Kaufman (*pro hac vice*)
Christopher E. Coleman (*pro hac vice*)
Amelia A. Haselkorn (*pro hac vice*)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
222 Second Avenue South, Suite 1640
Nashville, Tennessee  37201
Telephone:  (615) 313-9000
Facsimile:   (615) 313-9965
Email:  mchalos@lchb.com
Email:  kbyrd@lchb.com

Email: akaufman@lchb.com
Email: ccoleman@lchb.com
Email: ahaselkorn@lchb.com

Kimberly A. Dougherty
JUSTICE LAW COLLABORATIVE, LC
BBO# 658014
210 Washington Street
North Easton, MA 02356
Telephone: (508) 230-2700
Email: kim@justicelc.com

Stuart C. Talley (*pro hac vice*)
Ian J. Barlow (*pro hac vice*)
KERSHAW, TALLEY & BARLOW PC
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 779-7000
Facsimile: (916) 721-2501
Email: stuart@kctlegal.com
Email: ian@kctlegal.com

*Attorneys for Plaintiffs and the Class*

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Andrew R. Kaufman, hereby certify that, in accordance with Local Rule 7.1(a)(2), Plaintiffs' counsel has conferred with counsel for Defendant regarding this motion, and the parties were unable to resolve or narrow the issue.

Dated: March 4, 2024        */s/ Andrew R. Kaufman*

**CERTIFICATE OF SERVICE**

    I certify that this document was served on all parties using the Court's ECF system on March 4, 2024.

                                                     */s/ Andrew R. Kaufman*